UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

QWINNTAVUS KWAME JORDAN,

        Plaintiff,

v.                                   Case No. 3:24-cv-876-TJC-PDB

UF HEALTH OF SHANDS
HOSPITAL and DR. MOAWIAH
MUSTAFO,

        Defendants.

_____

## <u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

Plaintiff, Qwinntavus Kwame Jordan, a detainee at the North Florida Evaluation and Treatment Center, initiated this case by filing a pro se complaint (Doc. 1). The Court granted Plaintiff's request to proceed as a pauper (Doc. 6), and directed him to file an amended complaint using the Court's approved form (Doc. 8). Plaintiff is proceeding on an Amended Complaint (Doc. 9).

In the Amended Complaint, Plaintiff names as Defendants UF Health of Shands Hospital (Hospital) and Dr. Moawiah Mustafo. Doc. 9 at 2. He alleges that on April 26, 2023, he was admitted into the Hospital with a broken right arm. Id. at 7. Plaintiff contends that Defendant Mustafo "failed to exercise due care . . . when he neglected to reset Plaintiff's right arm and exercised medical

negligence when he performed unnecessary surgery on Plaintiff." Id. He further complains that Defendant Mustafo acted with "malicious intent" when he "cut tendants [sic] in Plaintiff's arms and legs and afterward left surgical tools in Plaintiff's right forearm." Id. "As a result of the medical negligence committed by [Defendant Mustafo], Plaintiff suffers from permanent disfigurement and continued pain in right forearm from surgical tools left in Plaintiff's right forearm." Id. Plaintiff alleges, "upon information and belief," that Defendant Mustafo "falsified documents stating he had reset Plaintiff's right arm." Id. He claims that his right arm is still broken and the surgical tools are still inside his arm. Id. He further contends that Defendant Mustafo "permitted and tolerated a pattern and practice of medical negligence." Id. at 6.

Additionally, Plaintiff contends that "[D]efendants committed to fraud when they knowingly and willfully fabricated documents identifying [P]laintiff as a 'John Doe' upon arrival/admission into" the Hospital despite having knowledge of Plaintiff's identity. Id. at 8. He claims that Defendants committed further "fraud by filing fraudulent charges to [P]laintiff's strawman estate. . . when they knowingly and willfully mail[ed] hospital bills/statements to [P]laintiff's known address" instead of demanding payment from the Jacksonville Sheriff's Office (JSO), as Plaintiff was in JSO's custody. Id. Plaintiff seeks monetary damages as relief. Id. at 7.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397,

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

401 (11th Cir. 1986) (citation omitted); <u>Porter v. White</u>, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. <u>Jackson v. BellSouth Telecomm.</u>, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>

The Court must read Plaintiff's pro se allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>Bingham</u>, 654 F.3d at 1175. And,

4

while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as <u>de</u> <u>facto</u> counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" <u>Alford v. Consol. Gov't of Columbus, Ga.</u>, 438 F. App'x 837, 839 (11th Cir. 2011)[2] (quoting <u>GJR Invs., Inc. v. Cnty. of Escambia, Fla.</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), <u>overruled in part on other grounds as recognized in Randall</u>, 610 F.3d at 709).

Here, Plaintiff's Amended Complaint is due to be dismissed under this Court's screening obligation. The Fourteenth Amendment, rather than the Eighth Amendment, governs a pretrial detainee's claim of deliberate indifference to a serious medical need, but the same standard applies. <u>See Goebert v. Lee Cnty.</u>, 510 F.3d 1312, 1326 (11th Cir. 2007). "To prevail on a claim of deliberate indifference, [a] plaintiff[] 'must satisfy both an objective and a subjective inquiry,' <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003), and must establish a 'necessary causal link' between the challenged conduct and

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060-61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[his] injuries, <u>Marbury v. Warden</u>, 936 F.3d 1227, 1233 (11th Cir. 2019)." <u>Stalley v. Cumbie</u>, 124 F.4th 1273, 1283 (11th Cir. 2024). "The objective inquiry turns on whether the plaintiff experienced an 'objectively serious medical need.'" <u>Id.</u> (quoting <u>Farrow</u>, 320 F.3d at 1243). A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention—that, if left unattended, poses a substantial risk of serious harm." <u>Keohane v. Fla. Dep't of Corr. Sec'y</u>, 952 F.3d 1257, 1266 (11th Cir. 2020) (quotations omitted).

> The subjective inquiry, on the other hand, turns on whether the "prison official acted with an attitude of 'deliberate indifference' to [the] serious medical need." <u>Farrow</u>, 320 F.3d at 1243. A prison official acted with deliberate indifference if he (1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged in conduct that amounts to subjective recklessness. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-40 (1994). As [the Eleventh Circuit] recently reiterated, this third prong will be satisfied only if the plaintiff shows "that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm." <u>Wade v. McDade</u>, 106 F.4th 1251, 1253 (11th Cir. 2024) (en banc). Even when a defendant has subjective knowledge of a serious risk, "a defendant who 'responds reasonably' to [such] a risk . . . 'cannot be found liable' under the Eighth Amendment." <u>Id.</u> at 1255 (quoting <u>Farmer</u>, 511 U.S. at 845).

<u>Stalley</u>, 124 F.4th at 1283-84 (internal citations modified). Importantly, medical treatment gives rise to a constitutional violation "only when it is so grossly

6

incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1271 (11th Cir. 2020) (quotations omitted). Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotations and citation omitted).

Plaintiff's allegations against Defendant Mustafo—both in his individual and official capacity—fail to rise to the level of a constitutional violation. Instead, his allegations sound in negligence. And his assertion of a "pattern and practice" are entirely conclusory. Thus, to the extent Plaintiff attempts to raise a deliberate indifference claim against Defendant Mustafo, such claim is due to be dismissed.

As to the claims against the Hospital, a plaintiff can only raise § 1983 claims against "a person [or entity] acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). Plaintiff does not allege

that the Hospital is a state actor subject to liability under § 1983, nor does the Amended Complaint contain factual allegations suggesting a close nexus between the Hospital and the state such that its activity may be attributable to the state. See Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (recognizing that "[o]nly in rare circumstances can a private party [or entity] be viewed as a 'state actor' for section 1983 purposes" and explaining the "three tests for establishing state action by what is otherwise a private person or entity"). Even assuming the Hospital is a state actor, Plaintiff's claim still fails. The Amended Complaint is devoid of any facts that would suggest the Hospital violated Plaintiff's federal constitutional rights.

Because the Court finds that Plaintiff fails to state a federal claim, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff intends to raise. See Silas v. Sheriff of Broward Cnty., Fla., 55 F.4th 863, 865-66 (11th Cir. 2022). Plaintiff may pursue any state law claims in state court.

Accordingly, it is

**ORDERED**:

1.      This case is **DISMISSED without prejudice**.

2.    The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of April, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

JAX-3 4/2
c:
Qwinntavus Kwame Jordan